MICHAEL J. STORTZ (SBN 139386)
Michael.Stortz@klgates.com
ANDREW J. WU (SBN 326268)
Andrew.Wu@klgates.com
**K&L GATES LLP**
Four Embarcadero Center, Suite 1200
San Francisco, CA 94111
Telephone: (415) 882-8200
Facsimile: (415) 882-8220

ASHLEY SONG (SBN 327688)
Ashley.Song@klgates.com
**K&L GATES LLP**
1 Park Plaza, Twelfth Floor
Irvine, CA 92614
Telephone: (949) 253-0900
Facsimile: (949) 253-0902

Attorneys for Defendant
HP Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMIR BALANZAR, individually and on behalf of others similarly situated,<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>HP INC.,<br><br>　　　　Defendant. | Case No. 22-cv-2030-MMA (WVG)<br><br>**DEFENDANT HP INC.'S NOTICE OF MOTION TO DISMISS AND MOTION TO STRIKE PLAINTIFF'S FIRST AMENDED COMPLAINT – F.R.C.P. 12(B)(6) AND 12(F)(2)**<br><br>RESERVATION OF HEARING DATE WAIVED BY COURT (DKT. NO. 11)<br><br>*[Filed concurrently with Memorandum of Points and Authorities in support thereof]*<br><br>Hon. Michael M. Anello |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that before the Honorable Michael M. Anello in Department 3C of the Edward J. Schwartz United States Courthouse, located at 221 West Broadway, San Diego, CA 92101, Defendant HP, Inc. ("Defendant" or "HP") will and hereby does move this Court to dismiss, with prejudice, all claims in Plaintiff's First Amended Complaint on the basis that:

(1) Plaintiff fails to state a claim under Section 2511 of the federal Wiretap Act and Section 631(a) of the California Invasion of Privacy Act ("CIPA") because HP was a party to the alleged communications at issue and therefore cannot illegally tap or eavesdrop on its own communications. Plaintiff's Section 631(a) claim otherwise fails because Plaintiff has not alleged sufficient facts to support an inference that the alleged session replay vendor violated Section 631(a). Additionally, Plaintiff has not plausibly alleged that any protectable "contents" were intercepted or that they were intercepted "in transit," which is fatal to her Wiretap Act and Section 631(a) claims. Moreover, Plaintiff admits she solely communicated with HP via the internet, which is not a protectable "communication" under Section 631(a); and

(2) Plaintiff fails to state claims for violations of CIPA Sections 632 or 632.7 as those provisions do not apply to internet-based communications, and are otherwise without factual or legal merit.

PLEASE TAKE FURTHER NOTICE that HP will and hereby does move this Court to strike the class definitions and supporting allegations from Plaintiff's First Amended Complaint on the basis that:

(1) Plaintiff's four proposed classes are, on their face, impermissible failsafe classes because they are defined by the merits of the claim, and therefore, must be stricken.

The Motion is made pursuant to Rules 12(b)(6) and 12(f)(2) of the Federal Rules of Civil Procedure and is based upon this Notice of Motion and Motion; the

Memorandum of Points and Authorities attached hereto, all pleadings, papers and records on file with this Court in this action; and all other such argument and evidence as may be presented to the Court in connection with the Motion.

Pursuant to the Order signed by the Court on March 3, 2023, HP is waived from the requirement set forth in Civil Chambers Rule III and need not obtain a hearing date from chambers. Dkt. No. 11.  Plaintiff must file an opposition on or before May 26, 2023, and HP may file its reply on or before June 9, 2023.  *Id.*

Dated: April 14, 2023                                K&L GATES LLP


By: /s/ *Michael J. Stortz*
    Michael J. Stortz
    Attorneys for Defendant
    HP Inc.